Dear Chief Boudreaux,
Your inquiry of recent date concerning the legality of the use of your police car to attend the chief of police convention in July is addressed by language from a previously released opinion from this office in which the author concluded:
 The court in Lentini v. City of Kenner, 211 So.2d 311
(La. 1968), said that the chief of police is granted certain inherent powers which gives him the authority to control city police property.
 Thus, it is our opinion that the chief of police has inherent authority to control city police vehicles. He has the authority to assign a police department vehicle to himself for police work but such police vehicle may not be used as a personal car by the chief of police unless this personal use has been authorized by the mayor and board of aldermen. However, because of their power to control and manage municipal property, it is also our opinion that the mayor and board of aldermen may specifically request that the village car be used by the chief of police only when he is working or conducting business relative to the municipal police department. In the same vein, in that the mayor and board of aldermen are also vested with the care, management and control of the municipality's finances, it appears that they may legally designate where fuel for municipal owned vehicles were purchased.
* * * * *
 In another question, you asked if an elected chief of police has to keep a log on odometer readings and give the council the destination of trips and the purpose of such trips. LSA-R.S. 33:404 provides in part:
 The may shall preside at all meetings of the board of aldermen, and in case there is an equal division, he shall give the deciding vote . . . He may require any officer of the municipality to exhibit his accounts or other papers, and to make report to the board of aldermen, in writing, on any matter pertaining to his office. . . .
 In accordance with this statute, it is the opinion of this office that the mayor may require a municipal officer to make written reports to the board of aldermen on any matter pertaining to his office. Such reports would include the readings on the odometer of the police vehicle and an accounting of trips made in the police vehicle and the purpose of such trips. (Emphasis added); see Attorney General Opinion 82-1165, a copy of which is enclosed in its entirety.
We are of the opinion that your attendance to a chief of police convention would fall within the purview of conducting business relative to the police department and accordingly, the use of the vehicle for such purposes is permissible, absent a municipal ordinance or a resolution prohibiting such use, as contemplated in Attorney General Opinion 82-1165.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: July 23, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL